***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Deluca and the briefs and arguments of the parties. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties and their representatives. The Full Commission affirms with modifications the Opinion and Award of Deputy Commissioner Deluca and enters the following Opinion and Award.
 ***********
The Full Commission finds as a fact and concludes as matters of law the following, which were entered into by the parties as: *Page 2 
 STIPULATIONS
1. It is stipulated that all parties are properly before the Industrial Commission and that the Industrial Commission has jurisdiction of the parties and of the subject matter.
2. It is stipulated that all parties have been correctly designated and that there is no question as to the misjoinder or nonjoinder of parties.
3. The parties stipulate and agree that the following facts shall be and are fully established for the purposes of this proceeding:
 a. That on the date of plaintiff's injury/altercation, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
 b. Plaintiff's injury date is May 18, 2007.
 c. An employment relationship existed between plaintiff and defendant-employer on May 18, 2007.
 d. That defendant-employer was insured by Liberty Mutual Insurance Company.
 e. Plaintiff alleges he was injured on May 18, 2007, while in the course and scope of his employment.
 f. Plaintiff's average weekly wage at the time of the injury was $550.00 per week.
 g. Plaintiff was taken out of work as a result of the injury/altercation with co-employee, Derek Barnes, by Dr. Lloyd Smith of Wayne Memorial Hospital on the date of injury, as well as May 19, 2007 and May 20, 2007. *Page 3 
Dr. Smith was of the opinion that plaintiff could return to work with defendant-employer as of May 21, 2007, at his regular job.
 h. Dr. Smith noted that plaintiff sustained a right periorbital ecchymosis and contusion and a hair avulsion as a result of the injury/altercation between the two employees of defendant-employer.
 i. Pursuant to plaintiff's Form 33 filed with the North Carolina Industrial Commission, plaintiff is claiming temporary total disability benefits for time out of work beginning May 18, 2007 through May 31, 2007.
 j. After the injury/altercation occurred between plaintiff and co-employee, plaintiff and Derek Barnes were terminated per company policy.
 k. The Wayne County incident/investigative police report states ". . . The witnesses listed above stated it was a mutual combative situation. . . ." (Stipulated Incident Report from Officer P. B. Capps)
 l. Plaintiff received unemployment compensation from the Employment Security Commission at $225.00 per week through June 2007, at which time the parties received a decision from the Employment Security
 Commission finding:
 Claimant last worked for Pepsi Bottling Ventures, LLC on May 21, 2007. Claimant filed an NIC claim effective May 27, 2007, which has been continued through June 23, 2007. Claimant was separated from his job due to violation of the employer's code of conduct and disruptive behavior policy by fighting with another employee in the work place.
 m. Plaintiff has no medical authorization out of work beyond May 20, 2007, and has received no restrictions or limitations as a result of the injury/ *Page 4 
altercation of May 18, 2007. Furthermore, plaintiff has received no permanent partial disability as a result of the May 18, 2007 incident.
4. The parties stipulated and agreed that the only question for decision is:
 a. What, if any, additional benefits is plaintiff due as a result of the May 18, 2007 incident?
 b. Defendants contend plaintiff was validly terminated from his employment as a result of the altercation between plaintiff and his co-employee, Derek Barnes, and, as a result, is not due any further benefits under the North Carolina Workers' Compensation Act based on the proper and valid termination and lack of disability.
5. The parties stipulated to the following documents:
 a. Pre-trial Agreement
 b. All Industrial Commission file/form documents.
 c. Medical records
 d. Employer records
 ***********
Based upon all the competent evidence from the record, the Full Commission finds as follows:
 FINDINGS OF FACT
1. Plaintiff was born on May 12, 1978 and is thirty-two years of age. Plaintiff has a Bachelor of Science degree in business administration from Mount Olive College and has a work history that includes working as a short order cook and as a van driver for the Goldsboro Transit Authority. *Page 5 
2. Plaintiff started working with defendant-employer on August 14, 2004 as a warehouse associate/forklift operator.
3. On May 18, 2007, plaintiff became involved in a verbal disagreement with another employee named Derek Barnes regarding a pallet of soft drinks. The verbal disagreement escalated into a physical altercation and fight to which police and medical care providers responded. During the physical altercation, Mr. Barnes grabbed plaintiff by his hair and pulled out a patch of hair from plaintiff's head. Defendants do not dispute that plaintiff suffered a compensable injury by accident on May 18, 2007.
4. Plaintiff was treated at Wayne Memorial Hospital on May 18, 2007 where he was diagnosed with right periorbital ecchymosis and contusion and with hair evulsion. Plaintiff was authorized to return to work on May 21, 2007 by Dr. Smith and was prepared to do so and would have done so had he not been terminated.
5. On March 17, 2008, plaintiff presented to Dr. Linda Kwiatkowski of Bosley for treatment of his hair loss resulting from the May 18, 2007 altercation at work. In a letter dated October 22, 2008, Dr. Kwiatkowski noted that plaintiff's hair loss may be from traction. Dr. Kwiatkowski recommended up to 2500 grafts (per procedure). It was further noted that plaintiff may desire more than one procedure to achieve the desired density results.
6. On December 8, 2008, plaintiff received 2500 hair grafts at Bosley. The total cost for the December 8, 2008 hair grafts is $15,000.00 which was financed and paid for by plaintiff.
7. Byron Diggs testified for the employer. Mr. Diggs detailed his extensive job responsibility for Pepsi Cola Bottling Ventures involving Human Resources and made clear that the company had a no tolerance policy for fighting and any violence or altercations at work would result in termination. Mr. Diggs was clear that it did not matter who started a fight. *Page 6 
8. Derek Barnes and plaintiff were both terminated as a result of defendant-employer's policy regarding violence in the workplace for which any other non-injured employee would have been terminated.
9. Plaintiff has failed to establish that he was unable to earn his pre-injury average weekly wage in the same or other employment after May 20, 2007.
10. Plaintiff has failed to prove by the greater weight of the medical evidence that the hair grafts performed at Bosely were reasonably necessary to effect a cure or provide relief.
 ***********
Based upon the foregoing Stipulations and Findings of Fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. It is undisputed that plaintiff sustained compensable injuries by accident on May 18, 2007 to his right eye and head/hair while involved in an altercation while working for defendant-employer. N.C. Gen. Stat. § 97-2(6).
2. In order to qualify for compensation under the Workers' Compensation Act, a claimant must prove both the existence and extent of disability. Hilliard v. Apex Cabinet Co.,305 N.C. 593, 290 S.E.2d 682 (1982). In order to meet the burden of proving disability, plaintiff must prove that he was incapable of earning pre-injury wages in either the same or in any other employment and that the incapacity to earn pre-injury wages was caused by plaintiff's injury. Id. An employee may meet the initial burden of production by producing one of the following: (1) medical evidence that she is physically or mentally, as a result of the work-related injury, incapable of work in any employment; (2) evidence *Page 7 
that she is capable of some work, but that he has, after a reasonable effort, been unsuccessful in his efforts to obtain employment; (3) evidence that she is capable of some work, but that it would be futile because of preexisting conditions, such as age, inexperience, or lack of education, to seek employment; or (4) evidence that she has obtained other employment at wages less than her pre-injury wages. Demery v. Perdue Farms, Inc.,143 N.C. App. 259, 545 S.E.2d 485 (2001); Russell v. Lowes ProductDistribution, 108 N.C. App. 762, 425 S.E.2d 454 (1993). Plaintiff has presented insufficient evidence to show that he is entitled to temporary total disability benefits due to his work related injury of May 18, 2007. Id.
3. In addition, in May 2007, plaintiff was terminated for misconduct and fault for which a non-disabled employee would ordinarily have been terminated by defendant-employer.Seagraves v. Austin Co. of Greensboro,123 N.C. App. 228, 472 S.E. 2d 397 (1996). Accordingly, plaintiff's termination constituted a constructive refusal of suitable employment. Id. Under the Seagraves analysis, after an employer has proven that the employee's termination constitutes a constructive refusal of employment, an employee must then show that his inability to find other employment at wages comparable to those earned prior to the injury is due to the work-related disability. Id.
4. In the present case, plaintiff did not meet his burden to prove that after his termination that he was incapable of finding work because of his work-related injury. Plaintiff did not show that he was unable to obtain employment after a reasonable effort or that it was futile for him to seek employment because of other factors. Plaintiff was capable of some work as of May 21, 2007. Demery v. Perdue Farms, Inc.,143 N.C. App. 259, 545 S.E.2d 485 (2001); Russell v. Lowes ProductDistribution, 108 N.C. App. 762, 425 S.E.2d 454 (1993). Therefore, plaintiff failed to prove that he is disabled from employment due to the compensable injury, and *Page 8 
he is not entitled to disability compensation. N.C. Gen. Stat. § 97-29; Seagraves v. Austin Co. of Greensboro,supra.
5. Plaintiff is entitled to have defendants provide medical treatment related to his work injury which is reasonably necessary to provide relief, effect a cure, or lessen plaintiff's period of disability, not including the hair grafts received on December 8, 2008. N.C. Gen. Stat. § 97-25. If plaintiff can document unpaid medical expenses for treatment resulting from his compensable injuries of May 18, 2007, that was reasonably necessary to effect a cure or provide relief, Defendants shall pay said expenses. Id. However, the plaintiff is not entitled to have defendants pay for hair grafts. Id.
6. As plaintiff's hair is a part of the body for which no other compensation is payable under the Workers' Compensation Act, the Full Commission, in its discretion, finds that $3,000.00 is proper and equitable compensation for the loss of plaintiff's hair. N.C. Gen. Stat. § 97-31(24). Plaintiff is entitled to have defendants pay $3,000 for the loss of his hair as a result of his compensable injury on May 18, 2007. Id.
 ***********
Based upon the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 AWARD
1. Plaintiff's claim for disability benefits is DENIED.
2. Defendants shall pay to plaintiff $3,000.00 for the loss of his hair.
3. Defendants shall pay any unpaid medical expenses related to plaintiff's compensable injury which are reasonably necessary to effect a cure or provide relief. Plaintiff is not entitled to have defendants pay for the hair grafts. *Page 9 
4. Defendants shall bear the costs.
This the 15th day of June 2010.
 S/___________________ STACI T. MEYER COMMISSIONER
CONCURRING:
 S/___________________ PAMELA T. YOUNG CHAIR
DISSENTING:
 S/___________________ CHRISTOPHER SCOTT COMMISSIONER *Page 10